UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM KAHN, | Civ. No. 25-17398 (MAS)(JBD) |
| Plaintiff, | **MEMORANDUM ORDER** |
| v. | |
| FEDERAL EXPRESS CORPORATION, *et al.*, | |
| Defendants. | |

Before the Court is plaintiff William Kahn's motion for leave to file a second amended complaint that incorporates the full name of defendant Timothy Battillo, previously identified in the first amended complaint as defendant "Tim [Last Name Unknown]." [Dkt. 23.] Defendant Federal Express Corporation ("FedEx") opposes the motion. [Dkt. 24.] The Court has reviewed the parties' submissions and applicable law. For the reasons set forth below, the Court will grant plaintiff's motion to amend.

## I.    BACKGROUND

Plaintiff, a New Jersey resident, initiated this employment action on September 16, 2025 in the Superior Court of New Jersey, Monmouth County. [Dkt. 1-1] at 3. He alleges that FedEx, a corporation incorporated in Delaware with its principal place of business in Tennessee, unlawfully fired him from his job as a package handler at a FedEx warehouse in East Brunswick, New Jersey. *See generally id.*; [Dkt. 7]. Specifically, plaintiff alleges that FedEx terminated his

employment in retaliation for a complaint that he made regarding a coworker's violent behavior, in violation of New Jersey's Conscientious Employee Protection Act ("CEPA").  [Dkt. 1-1] ¶¶ 35-38; [Dkt. 7] ¶¶ 37-40.  Relevant here, plaintiff alleges that he reported the incident in question to his Sort Manager, and that his Sort Manager played a direct role in his retaliatory termination.  [Dkt 1-1] ¶¶ 3, 19, 25; [Dkt. 7] ¶¶ 3, 21, 25, 27.  In his original complaint, plaintiff named his Sort Manager as a defendant but did not know his full identity at the time; plaintiff thus identified that defendant as "Tim" with his last name unknown.  [Dkt. 1-1.]

On November 13, 2025, FedEx removed this action to this Court on the basis of diversity jurisdiction.  [Dkt. 1.]  On November 17, 2025, FedEx filed a motion to dismiss for failure to state a claim.  [Dkt. 4.]  On November 25, 2025, in response to FedEx's motion, plaintiff filed an amended complaint.  [Dkt. 7.]  The amended complaint again identified the defendant Sort Manager as "Tim," with his last name still unknown.  *Id.*  In light of plaintiff's amended complaint, FedEx withdrew its motion to dismiss.  [Dkts. 8, 9.]  Thereafter, on December 8, 2025, FedEx filed an answer to the first amended complaint and in it identified defendant "Tim" as "Tim Batillo" [sic].  [Dkt. 11] at 2.

On February 19, 2026, the Court held an initial scheduling conference, during which it directed the parties to engage in mediation.  *See* [Dkt. 20].  Mediation proved unsuccessful, and on April 2, 2026, the Court entered a Pretrial Scheduling Order which, among other things, set June 26, 2026 as the deadline for parties to file any motions to amend the pleadings or join new parties.  [Dkt. 22.]

On April 17, 2026, plaintiff timely filed the present motion for leave to file a second amended complaint, so that he could identify Battillo as the Sort Manager previously named in the first amended complaint as "Tim [Last Name Unknown]." [Dkt. 23.]  It is undisputed that Battillo is a citizen of New Jersey and, accordingly, his presence in this case would destroy diversity jurisdiction.  Preferring to remain in federal court, FedEx opposes plaintiff's motion to amend.  [Dkt. 24.]

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 15 provides, in relevant part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Where a party seeks leave to amend, courts should take "a liberal approach" and freely grant leave "when justice so requires." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486 (3d Cir. 1990) (citing Fed. R. Civ. P. 15(a)(2)).  This liberal standard reflects a preference "that claims will be decided on the merits rather than on technicalities."  *Arista Recs., Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 419 (D.N.J. 2005) (citations omitted).  Accordingly, the Court may deny a motion to amend only for an "apparent or declared reason," such as (i) undue delay; (ii) bad faith or dilatory motive; (iii) undue prejudice; (iv) repeated failures to cure deficiencies; or (v) futility of amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Where, as here, "a plaintiff seeks to join a non-diverse party, and as a result, deprive a federal court of subject matter jurisdiction," the Court must "scrutinize [the] motion[ ] to amend more carefully."  *City of Perth Amboy v. Safeco Ins. Co.*

3

*of Am.*, 539 F. Supp. 2d 742, 746 (D.N.J. 2008).  Complementing Rule 15(a), a federal statute provides that if, after removal to federal court, a plaintiff seeks to join an additional defendant whose joinder would destroy subject matter jurisdiction, "the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  When considering a motion that falls within the purview of § 1447(e), courts "have adopted a flexible and equitable approach" set forth by the Fifth Circuit in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987). *City of Perth Amboy*, 539 F. Supp. 2d at 746.  Under this approach, courts apply the so-called "*Hensgens* factors": "(1) whether the purpose of the plaintiff's motion is to defeat diversity jurisdiction; (2) whether the plaintiff was dilatory in seeking to amend the complaint; (3) whether plaintiff will be prejudiced if the motion is not granted; and (4) any other equitable factors."  *Stavitski v. Safeguard Props. Mgmt., LLC*, Civ. No. 17-2033 (AET), 2018 WL 501646, at *2-3 (D.N.J. Jan. 22, 2018) (quoting *Rodriguez v. Walmart*, Civ. No. 16-9338 (SCM), 2017 WL 6508357, at *2 (D.N.J. Dec. 20, 2017) (citing *Hensgens*, 833 F.2d at 1182))).

4

## III.    DISCUSSION

FedEx does not argue, and the Court sees no basis to conclude, that plaintiff's motion should be denied under the liberal Rule 15(a) standard.  FedEx instead opposes the motion under § 1447(e) and the *Hensgens* framework.  Applying the *Hensgens* factors here, the Court concludes that they weigh in favor of permitting the proposed amendment.  Accordingly, the Court grants plaintiff's motion to amend.

### A.    Purpose of Amendment

The first *Hensgens* factor instructs courts to assess the extent to which the purpose of amendment is to destroy federal jurisdiction.  *Hensgens*, 833 F.2d at 1182.  When analyzing the first factor, the Court "must focus on the specific facts and circumstances" of the case and consider "[t]he parties' actions during the period between the filing of the complaint and the motion to amend."  *City of Perth Amboy*, 539 F. Supp. 2d at 746-47.  Here, plaintiff argues that the purpose of his proposed amendment is not to defeat federal jurisdiction, as evidenced by the fact that his Sort Manager has been a defendant in this action since the outset of this case (identified as "Tim") and was not formally named only because plaintiff did not know his last name until more recently.  [Dkt. 23-1] at 5.  FedEx, by contrast, argues that the timing of plaintiff's motion indicates that it was filed for "a tactical legal purpose."  [Dkt. 24] at 5-6 (quotation omitted).  Specifically, FedEx emphasizes that plaintiff "consented to and adopted diversity jurisdiction" in the first amended

5

complaint and only sought to add Battillo as a defendant after unsuccessful mediation. *Id.*

The circumstances here reflect that plaintiff has a legitimate reason for seeking to add Battillo as a defendant.  Indeed, plaintiff has sought to include his Sort Manager as a defendant from the outset of this case; plaintiff just did not know his full name when he filed his original or first amended complaint.  That plaintiff's motion to amend was made only after mediation failed does not give the Court cause for concern, for the reasons set forth in Section III.B, below.  Because "[p]laintiff['s] purpose of amendment"—to include his Sort Manager in this litigation—"has remained consistent," *Bhushan ex rel. Z.T.-B. v. Bright Horizons*, Civ. No. 21-7072 (MAS), 2022 WL 17177853, at *3 (D.N.J. Nov. 23, 2022), the Court does not sense any bad faith by plaintiff, and concludes that plaintiff's present motion to amend was not strategically deployed to destroy diversity jurisdiction.

Accordingly, the first *Hensgens* factor weighs in favor of permitting the amendment.

### B.    Dilatory Amendment

The second *Hensgens* factor asks whether the plaintiff was dilatory in seeking to amend.  *Hensgens*, 833 F.2d at 1182.  In making that assessment, the Court must consider not only the length of any delay, but also the nature of and reason for it. *City of Perth Amboy*, 539 F. Supp. 2d at 748 (citation omitted).  Here, plaintiff contends that his proposed amendment "cannot be [ ] dilatory or in bad faith" because he sought leave to amend before the June 26, 2026 deadline to file motions

to amend. [Dkt. 23-1] at 5. Plaintiff also asserts that he did not seek leave to amend sooner "because the [p]arties had agreed to engage to mediate the case." [Dkt. 25] at 1-2. FedEx, on the other hand, asserts that plaintiff was dilatory in seeking amendment because he waited until April 17, 2026 to file his motion, even though he learned Battillo's last name no later than December 8, 2025, when FedEx identified him in its answer to the amended complaint. [Dkt. 24] at 6-7; *see also* [Dkt. 11] at 2.

As an initial matter, the fact that plaintiff met the July 26, 2026 deadline to amend is not alone dispositive. Indeed, "whether a motion is timely and whether a plaintiff has been dilatory in asking for amendment[ ] are not the same inquiry." *Fuller v. Insys Therapeutics, Inc.*, Civ. No. 17-07877 (SCM), 2018 WL 2717236, at *4 (D.N.J. June 5, 2018) (citations omitted). Thus, while it is relevant that plaintiff's motion is timely under the operative pretrial schedule, the Court still must assess whether plaintiff was dilatory in seeking leave to amend.

As FedEx notes, there was a four-month delay between its answer, which revealed Battillo's last name, and plaintiff's motion to amend. [Dkt. 24] at 7. Yet there is no indication that plaintiff sought unnecessarily to prolong this case through his proposed amendment. *Cf. City of Perth Amboy*, 539 F. Supp. 2d at 748 ("In considering the nature of the delay, a plaintiff's conduct may be found dilatory when the purpose of the delay was to unnecessarily prolong litigation."). Moreover, as plaintiff observes, the parties agreed to mediation during this time; success at mediation efforts would have obviated the need to amend to add Battillo.

Consequently, the Court does not fault plaintiff for letting the mediation process play out before seeking leave to amend.  *Cf. Diodato v. Connecticut Gen. Life Ins. Co.*, Civ. No. 09-3532 (TJB), 2011 WL 4074225, at *7 (D.N.J. June 29, 2011) (explaining that it was "completely reasonable" for a plaintiff not to file a motion to amend to join a non-party while engaging in settlement discussions), *report and recommendation adopted*, 2011 WL 4072080 (D.N.J. Sept. 12, 2011).  Additionally, this case is still very early on in discovery.  *Erwin v. Brown*, Civ. No. 22-1794 (EP), 2022 WL 16540744, at *2 (D.N.J. Oct. 28, 2022) (noting, *inter alia*, that "discovery [wa]s not yet complete" in finding that plaintiff had not been dilatory in seeking leave to amend).

The Court concludes that the second *Hensgens* factor weighs in favor of permitting amendment.[1]

---

[1]    FedEx cites several cases involving dilatory amendments filed with less delay than the four-month delay here.  *See* [Dkt. 24] at 6 (citing *Salamone v. Carter's Retail, Inc.*, Civ. No. 09-5856 (GEB), 2010 WL 762192 (D.N.J. Mar. 5, 2010); *Jordan v. Alliedbarton Sec. Servs.*, Civ. No. 10-3011 (GEB), 2010 WL 4687934 (D.N.J. Nov. 10, 2010)).  Fair enough, but each case must be assessed under its own circumstances and, in the Court's judgment, the circumstances here warrant a different outcome than the cases on which FedEx relies.  *See Taylor v. GGNSC Philadelphia, LP*, Civ. No. 14-7100, 2015 WL 5584781, at *6 (E.D. Pa. Sept. 23, 2015) ("Whether an amendment is dilatory is a fact intensive inquiry that depends on the circumstances of the case.") (citations omitted); *cf. also Diodato*, 2011 WL 4074225, at *7; *31-01 Broadway Assocs., LLC v. Travelers Cas. & Sur. Co.*, Civ. No. 17-6292 (JMV), 2019 WL 5061320, at *5 (D.N.J. Oct. 10, 2019) (concluding that plaintiffs were not dilatory even though they waited over 200 days after removal to amend to join another defendant).

### C.      Prejudice to Plaintiff

The third *Hensgens* factor directs courts to determine whether the plaintiff will be prejudiced if the Court does not permit amendment. *Hensgens*, 833 F.2d at 1182. As part of that analysis, courts consider whether a plaintiff can obtain a complete recovery if amendment is not permitted. *Milko v. Int'l Flavors & Fragrances, Inc.*, Civ. No. 15-8291 (MAS), 2016 WL 8709998, at *7 (D.N.J. July 29, 2016) (quotations omitted). Courts also consider whether denial of amendment will force the plaintiff to "maintain[ ] two separate actions involving intersecting facts, documents, and issues," and the resulting "economic burden on [the] plaintiff." *Erwin*, 2022 WL 16540744, at *2 (citation omitted). Here, plaintiff argues that Battillo "was alleged to be directly involved in the termination [of plaintiff at issue in this case]," so "[p]laintiff will be injured if amendment is not permitted." [Dkt. 23-1] at 5. FedEx, conversely, contends that plaintiff will not be significantly injured if amendment is not permitted because he can "obtain complete legal and equitable relief from FedEx." [Dkt. 24] at 7.

As discussed above, this action is an employment retaliation case brought under New Jersey's CEPA statute. Pursuant to that law, employers may be held liable for the actions of their employees under the doctrine of *respondeat superior*. *Tonkinson v. Byrd*, Civ. No. 17-06162 (NLH), 2018 WL 1919829, at *4 (D.N.J. Apr. 24, 2018) (citations omitted). Separately, "[i]ndividual liability under [CEPA] may attach to individuals who take retaliatory actions within the scope of their employment and may be extended to indirect supervisors and coworkers who

participate in the alleged retaliation." *Blount v. TD Bank, N.A.*, Civ. No. 20-18805 (NLH), 2023 WL 4621881, at *9 (D.N.J. July 19, 2023) (citations omitted).

Plaintiff does not identify what relief he can obtain from Battillo that he cannot obtain from FedEx. Although this Court has recognized that employer liability asserted through *respondeat superior* should not preclude a plaintiff from making a similar claim against an employee, *see, e.g., Panebianco v. Home Depot U.S.A., Inc.*, Civ. No. 25-2487 (JTQ), 2025 WL 4037764, at *3 (D.N.J. Nov. 5, 2025) (quoting *Pepitone v. Target Corp.*, Civ. No. 24-236 (RLS), 2024 WL 3823002, at *3 (D.N.J. Aug. 14, 2024) (citations omitted)), *report and recommendation adopted*, 2026 WL 94420 (D.N.J. Jan. 13, 2026), the Court also has recognized in some circumstances that denying a plaintiff's request to join a nondiverse employee defendant is not prejudicial where the employee's liability would be imputed to the employer under *respondeat superior*. *See Lukasewicz v. Valtris Specialty Chem. Co.*, Civ. No. 21-4128 (SRC), 2021 WL 3732902, at *2 (D.N.J. Aug. 23, 2021) (concluding that the third *Hensgens* factor weighed against amendment because, *inter alia*, an employee's possible negligence would be imputed to the employer). Here, even if Battillo bears legal responsibility for the CEPA violations alleged in the complaint, FedEx still would be liable under *respondeat superior*. Accordingly, it seems likely that plaintiff can obtain a complete recovery from FedEx without adding Battillo as a defendant.

Still, plaintiff's "litigation strategy may be prejudiced if the Court were to deny [his] request to add [Battillo] as a [d]efendant." *Agostino v. Costco Wholesale*

10

*Corp.*, Civ. No. 19-8976 (MAH), 2019 WL 6080242, at *5 (D.N.J. June 24, 2019) (finding that the third *Hensgens* factor weighed in favor of amendment because "[d]enying [p]laintiffs' request to amend may very well alter the way [p]laintiffs structure their litigation and trial strategy" and "prevent[] a potential jury from considering a viable claim against a potentially liable party."), *report and recommendation adopted*, 2019 WL 6050746 (D.N.J. Nov. 7, 2019); *see also Rodriguez*, 2017 WL 6508357, at *4 (concluding that prejudice would result if amendment were not permitted because refusing to add the store manager as a party "may prejudice [plaintiff's] litigation and trial strategy in ways known and not known at this early stage in discovery" (cleaned up)).  In other words, there is a risk, aside from the consideration of complete recovery, that plaintiff's overall litigation and trial strategy could be prejudiced without joining Battillo as a defendant.

All things considered, the Court views the third *Hensgens* factor as neutral here.

### D.    Other Equitable Factors

The fourth *Hensgens* factor focuses on balancing any other equitable factors that may bear on the determination of whether to permit amendment.  *Hensgens*, 833 F.2d at 1182.  Plaintiff argues that other equitable factors, including the fact that FedEx conditionally consented to the amendment[2] and that the case is still in

---

[2]    In an email dated April 1, 2026, counsel for FedEx wrote that FedEx would be open to further amendments by plaintiff only if they did not involve remanding the complaint to state court.  [Dkt. 23-3] at 2.

11

the early stages of discovery, also weigh in favor of amendment.  [Dkt. 23-1] at 5; [Dkt. 25] at 2.  FedEx, however, argues that other equitable considerations, including "judicial economy, preservation of properly invoked jurisdiction, and respect for a diverse defendant's right in choice of forum to avoid possible prejudices," weigh against permitting amendment.  [Dkt. 24] at 8.

Here, the Court concludes that judicial efficiency and economy weigh in favor of permitting the amendment.  "In light of the possibility of [plaintiff] filing a concurrent action in state court" if he is not permitted to add Battillo as a defendant here, it would be wasteful to deny amendment and potentially force plaintiff to pursue two separate proceedings.  *Rodriguez*, 2017 WL 6508357, at *5 (quotation omitted).  Moreover, "the issues in this case involve application of state law, [so] [FedEx] w[ill] not be prejudiced by a remand to a state court."  *City of Perth Amboy*, 539 F. Supp. 2d at 749 (citation omitted).  FedEx would also not be prejudiced because this case is still in the very early stages of discovery.  *See Hobson v. Wal-Mart Stores E., L.P.*, Civ. No. 22-1524 (RLS), 2023 WL 5280319, at *4 (D.N.J. Jan. 9, 2023), *report and recommendation adopted*, 2023 WL 5274612 (D.N.J. Aug. 16, 2023).

FedEx argues that "preservation of properly invoked federal jurisdiction is itself an equitable consideration" and that, as an out-of-state defendant, it has a strong interest in having its case heard in federal court.  [Dkt. 24] at 9.  The Court is not persuaded here.  FedEx properly invoked diversity jurisdiction at the time of removal and may well have an interest in litigating in this forum; importantly,

12

however, had plaintiff known Battillo's identity and citizenship at the time he filed the complaint, FedEx could not have removed the case in the first place. Accordingly, in the Court's view, the fact that this case has properly proceeded in this Court to date does not outweigh the other equitable considerations addressed above.[3]  Ultimately, plaintiff evidenced an intent to join Battillo as a defendant from the inception of this case, a factor that the Court believes merits significant weight. Again, had plaintiff known Battillo's identity and domicile from the start, this action would have remained in state court.  Given this and the other considerations set forth above, the Court concludes that the fourth *Hensgens* factor weighs in favor of permitting the proposed amendment.

## IV.   CONCLUSION

Taken together, the Court concludes that the *Hensgens* factors weigh in favor of permitting amendment here.  The Court will therefore grant plaintiff's motion to amend.

For the reasons stated,

**IT IS** on this **1st** day of **July, 2026**,

**ORDERED** that plaintiff's motion for leave to file a second amended complaint [Dkt. 23] is **GRANTED**; and it is further

---

[3]    For the same reasons, the fact that plaintiff "consented to and adopted diversity jurisdiction" in the first amended complaint simply indicates that plaintiff considered federal diversity jurisdiction proper at the time, while Battillo's identity and domicile was unknown.  [Dkt. 7] ¶ 5.

13

**ORDERED** that plaintiff shall file the second amended complaint no later than **July 15, 2026**.

J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE